IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MIRIAM CRYSTAL HERRERA, #56791-177, § § § Movant, § § § Civil Action No. 3:24-CV-0097-D VS. § (Criminal No. 3:18-CR-006-D-9) § UNITED STATES OF AMERICA, § § Respondent. § | |

MEMORANDUM OPINION
AND ORDER

Movant Miriam Crystal Herrera's ("Herrera's") successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is dismissed without prejudice for want of jurisdiction.

I

In 2019 Herrera pleaded guilty pursuant to a plea agreement to a superseding information charging her with possession with intent to distribute a controlled substance. The court sentenced her to 480 months' imprisonment, the statutory maximum as capped by the plea agreement. On June 10, 2020 her direct appeal was dismissed as frivolous. In 2021 Herrera unsuccessfully filed a § 2255 motion, which the court dismissed as time-barred. *Herrera v. United States*, No. 3:21-CV-3200-D (N.D. Tex. May 31, 2023) (Fitzwater, J.), *cert. of appealability denied*, No. 23-10606 (5th Cir. Nov. 1, 2023) (per Douglas, J.).

On January 10, 2024 Herrera filed the instant second motion under 28 U.S.C. § 2255 to vacate, seaside, or correct sentence and a motion for authorization to file a second or

successive § 2255 motion in the Fifth Circuit Court of Appeals, which is pending before that court. *See In re Herrera*, No. 24-10025 (5th Cir. received Jan. 9, 2024). Herrera enclosed a copy of her second § 2255 motion with her motion for authorization.

II

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a movant may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b). In general, to raise a new claim, the movant must show that the successive motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (per curiam). Before a movant can file a successive application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant has made the requisite prima facie showing. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) imposes a bar to the district court's jurisdiction to consider a successive habeas application unless the court of appeals has first granted the movant permission to file such an application. *See, e.g.*, *Davis v. Sumlin*, 999 F.3d 278, 279 (5th Cir. 2021) ("[Petitioner] never sought or obtained that permission, so the district court had no jurisdiction to accept the second-or-successive petition—much less to

consider the merits of it."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this court to consider movant's successive § 2255 motion. Indeed, as noted, the motion is pending before the Court of Appeals. Because Herrera must *first* obtain permission from the court of appeals before she can file a successive § 2255 motion challenging her conviction, this court lacks jurisdiction over her present motion.

Herrera's successive § 2255 motion is therefore dismissed without prejudice for want of jurisdiction and for failure to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 motion. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).

III

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court finds that the movant has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If movant files a notice of appeal, she must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

January 19, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE